# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0457, <u>Edward J. Kissell, Jr. v. Steiner Law Office, PLLC & a.</u>, the court on March 16, 2018, issued the following order:**

Having considered the brief, memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Edward J. Kissell, Jr., appeals an order of the Superior Court (<u>Nicolosi</u>, J.) dismissing his complaint against the defendants, Steiner Law Office, PLLC (the law office) and R. James Steiner (Steiner), for failing to state a claim upon which relief may be granted.  He argues that, in dismissing the complaint, the trial court erred by ruling that he failed to plead sufficient facts to state a claim for abuse of process against the law office arising out of an earlier lawsuit that the law office had filed against him, or to establish Steiner's liability for the alleged abuse of process under a theory of "piercing the corporate veil."  In reviewing the trial court's order, we assume the truth of the facts alleged in the complaint and construe all reasonable inferences from those facts in the plaintiff's favor.  <u>Mbahaba v. Morgan</u>, 163 N.H. 561, 564 (2012).  We will uphold the trial court's order if the well-pleaded facts do not constitute a basis for legal relief.  <u>Id</u>.

At the outset, we note that, according to the allegations in the complaint, all of the actions taken by the law office in the underlying case were taken by Steiner, who is an attorney, acting on its behalf.  If those actions in fact were tortious, therefore, Steiner would bear personal liability regardless of whether he was acting on behalf of the law office.  <u>See id</u>. at 565 (observing that RSA 304-C:25 (2005) only shields a member of a limited liability company from <u>vicarious</u> liability; thus, the member who commits a tort is personally liable to parties injured thereby regardless of whether the member was acting on behalf of the company).  In other words, there would be no "corporate veil" that would require "piercing," and whether the plaintiff had pleaded facts sufficient to "pierce the corporate veil," <u>see id</u>. at 568, would be irrelevant.

We agree with the defendants, however, that the well-pleaded factual allegations in the complaint do not establish that they engaged in abuse of process.  The tort of abuse of process requires proof that the defendant utilized a legal process "primarily to accomplish a purpose for which it is not designed."  <u>Clipper Affiliates v. Checovich</u>, 138 N.H. 271, 276 (1994) (quoting <u>Restatement (Second) of Torts</u> § 682, at 474 (1977)).  Thus, to prevail on a claim of abuse of

process, the plaintiff must establish "an ulterior purpose and a willful act in the use of the process not proper in the regular conduct of the proceeding." Id.

> The ulterior purpose necessary to establish abuse of process usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.

Id. at 276-77 (quoting W. P. Keeton, Prosser and Keeton on the Law of Torts 898 (5th ed. 1984)). It is not enough merely to allege that a lawsuit was initiated to retaliate against or harass an adversary, and "[t]here is no liability [for abuse of process] where a party has done nothing more than carry out the process to its authorized conclusion, even though with ulterior intentions." Id. at 277.

In this case, the plaintiff alleged that Steiner represented the plaintiff's former wife in divorce proceedings, that Steiner filed an attorney's lien after withdrawing from the divorce case, and that, while an appeal of the divorce was pending, Steiner filed the underlying lawsuit in superior court pursuant to an assignment by the wife of her right to collect funds due her from the plaintiff. Through the lawsuit, the law office sought to collect, from the plaintiff, the wife's attorney's fee obligation from property awarded to her in the divorce, and it obtained an attachment on various marital assets held by the plaintiff. According to the plaintiff, however, the attached assets included assets awarded, in whole or in part, to him. The plaintiff further alleged that the trial court dismissed the lawsuit to the extent that it sought to impose liability directly against him, reasoning that he had no legal obligation to pay the wife's attorney's fees, and that the assignment did not provide the law office a right to sue the plaintiff "in another forum." The plaintiff additionally alleged that, after the divorce decree was affirmed on appeal, the trial court found that Steiner acted unreasonably in refusing to discharge attachments burdening property awarded to the plaintiff under the decree, and in requesting instead that the trial court allow him "to offset monetary assets and equitable interest of" the wife pending the ultimate resolution of the case.

In short, the allegations in the complaint establish that the defendants lacked a basis in fact or law to maintain the underlying lawsuit against the plaintiff. Even when construed most favorably to the plaintiff, however, the well-pleaded factual allegations in the complaint do not establish that the defendants acted with any ulterior or illegitimate purpose. See id. at 277. Regardless of whether the underlying lawsuit lacked merit, therefore, the plaintiff has failed to state a cause of action for abuse of process against either

2

the law office or Steiner.  We note that the plaintiff does not argue that the allegations in his complaint established a basis for legal relief under any theory of liability other than abuse of process.  See Mbahaba, 163 N.H. at 566 (finding that plaintiff waived any objections to the trial court's dismissal of theories of liability asserted in complaint by not addressing those theories on appeal).

Accordingly, we conclude that the trial court did not err by dismissing the complaint.  In light of this order, the defendants' request in their memorandum of law that we strike certain documents that the husband has included in his appendix is moot.  See Appeal of Silverstein, 163 N.H. 192, 199 n.1 (2012).

Affirmed.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**